UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-60101-SMITH/AUGUSTIN-BIRCH

DARIS LEMUZ PEREZ,

    Plaintiff,

v.

HAVANA'S CUBAN CUISINE, INC. and
EDWIN SCHEER,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON
MOTION FOR APPROVAL OF FLSA SETTLEMENT**

    This cause comes before the Court on Plaintiff's unopposed Motion for Approval of FLSA Settlement. DE 42. The Honorable Rodney Smith, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge. *See* DE 11. The Court has carefully considered the Motion and the record and is otherwise fully advised in the premises. For the following reasons, the Court **RECOMMENDS** that the Motion be **GRANTED**, that the parties' Settlement Agreement be **APPROVED**, and that this case be **DISMISSED WITH PREJUDICE**.

    Plaintiff Daris Lemuz Perez filed this action against Defendants Havana's Cuban Cuisine, Inc. and Edwin Scheer, his former employers, alleging that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay him overtime wages. DE 1. Under the terms of the parties' Settlement Agreement, Plaintiff will receive $2,290.34 for alleged unpaid wages and liquidated damages, and his counsel will receive $1,959.66 for fees and costs. DE 42 at 12.

    A settlement resolving an FLSA claim must either be presented to the Secretary of Labor or be scrutinized by a court for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350,

1352–53 (11th Cir. 1982). In reviewing the fairness of a settlement of an FLSA claim, a court determines whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1355. The court considers factors such as (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Johnson v. Gonzo Mktg. Servs., LLC*, No. 21-60775-CIV, 2021 WL 8363200, at *2 (S.D. Fla. Oct. 20, 2021) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)).

In a memorandum attached to Plaintiff's Motion, the parties discuss the *Leverso* factors for the Court. First, the parties state that they were represented by counsel experienced in litigating claims under the FLSA. DE 42 at 5. Second, the parties state that there was a bona fide dispute concerning whether Plaintiff was a manager and that the risks and expenses each party faced weighed in favor of settlement. *Id.* at 6. Third, the parties claim that they were in the early stages of discovery and decided to settle before more costly and extensive discovery began. *Id.* Lastly, counsel for both parties believe the settlement is a fair and reasonable resolution of Plaintiff's FLSA claim. *Id.* at 7.

The Court has considered the parties' arguments and has conducted its own review of the record. The Court notes that this case was pending for just over 5 months before the parties notified the Court of their settlement. This early settlement avoided the accumulation of additional costs and expenses. The Court also conducted a settlement conference in this matter. Thus, the Court is familiar with the parties and the dispute, and the Court has no reason to believe that the settlement is a product of fraud or collusion. Accordingly, the Court concludes that the application of the *Leverso* factors to this case demonstrates that the parties' settlement is fair and reasonable.

The Court now turns to the provisions of the Settlement Agreement. The Settlement Agreement contains a mutual release clause. *Id.* at 13. Some courts decline to approve FLSA settlement agreements that contain general releases. *E.g., Vega v. Ya Guan USA LLC*, No. 19-24902-CIV, 2021 WL 8946186, at *2 (S.D. Fla. Aug. 24, 2021); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) ("Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate."). However, the mutual release clause here is limited only to the claims at issue in this litigation and those that relate to Plaintiff's employment with Defendants. Therefore, the mutual release clause is not a general release, and the Court concludes that the mutual release clause is fair and reasonable.

A court must evaluate the reasonableness of any attorney's fees included as part of an FLSA settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). The parties state that they negotiated Plaintiff's counsel's fees and costs separately from Plaintiff's recovery. DE 42 at 8. Plaintiff's counsel attached billing records to the Motion, and these records reflect costs of $543 and fees of $2,860 for 7.15 hours of work at a rate of $400 per hour. *Id.* at 20. As part of the Settlement Agreement, Plaintiff's counsel will receive $1,959.66 for fees and costs. *Id.* at 12.

For FLSA cases, courts within the Southern District typically find $400 per hour to be a reasonable hourly rate for attorneys with comparable experience as Plaintiff's counsel. *See, e.g.*, *Jackson v. Waste Pro of Fla., Inc.*, No. 22-CV-60330, 2022 WL 4631096, at *5 (S.D. Fla. Sept. 13, 2022) (finding $400 hourly rate reasonable), *report and recommendation adopted*, No. 22-CV-60330-RAR, 2022 WL 4598677 (S.D. Fla. Sept. 30, 2022); *Cespedes v. Dynamic Contracting Servs. Corp.*, No. 18-22992-CIV, 2019 WL 13066870, at *2 (S.D. Fla. Mar. 28, 2019) (finding

$400 hourly rate reasonable). After deducting Plaintiff's counsel's costs of $543, the award under the Settlement Agreement for Plaintiff's counsel's fees amounts to $1,416.66. Based on a $400 hourly rate, this equates to an award for 3.5 hours worked. The Court concludes that the payment to be made to Plaintiff's counsel under the Settlement Agreement for fees and costs is reasonable, especially in light of the reduction Plaintiff's counsel accepted to facilitate the Settlement Agreement.

The Court has reviewed the remaining clauses of the Settlement Agreement. They include standard provisions such as an acknowledgement of having read the Settlement Agreement, a severability clause, and a merger clause. *See* DE 42 at 12–15. The Court concludes that the Settlement Agreement is fair and reasonable in its entirety.

Accordingly, the Court recommends that Plaintiff's unopposed Motion for Approval of FLSA Settlement [DE 42] be **GRANTED** and that the Settlement Agreement be **APPROVED**. The Court further recommends that this case be **DISMISSED WITH PREJUDICE**.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 30th day of July, 2024.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE